

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2007

# Warren v. CSX Trans Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4759

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Warren v. CSX Trans Inc" (2007). *2007 Decisions.* Paper 221.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4759
_____

JAMES D. WARREN,

Appellant

v.

CSX TRANSPORTATION, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00529)
District Judge:  The Honorable Joy F. Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2007

Before: RENDELL, WEIS, and NYGAARD, Circuit Judges.

(Filed:  November 13, 2007)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

James D. Warren appeals from the October 17, 2006 order of the United States District Court denying his motion for a new trial. He argues that the jury's unanimous verdict in favor of Appellee CSX, is against the weight of the evidence. When reviewing a district court's denial of a motion for a new trial, we afford great deference to the district court and will not reverse without a showing that the district court clearly abused its discretion. *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001). Put another way, "new trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir. 1993).

We have reviewed this matter extensively and find no possible basis to disturb the verdict or the District Court's subsequent disposition of the post-trial motions. Overall this case raised classic jury questions and thus the District Court was correct to submit the matter to the jury. The jury unanimously found in favor of the appellee and Warren is bound by the result.